Chris J. Fladgate (CF1999)
GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
164 West 25th Street, Suite 11R
New York, New York 10001
Telephone: (212) 380-3623
Facsimile: (347) 537-4540
Email: cf@gs2law.com

*Attorneys for Plaintiff Deborah Feingold*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
DEBORAH FEINGOLD D/B/A              :     Civil Case No. 1:18-cv-2055
DEBORAH FEINGOLD PHOTOGRAPHY,       :
                                    :
                    Plaintiff,      :     **COMPLAINT**
                                    :
     -against-                      :     **DEMAND FOR JURY TRIAL**
                                    :
                                    :
                                    :
RAGEON, INC., JOHN DOES 1-7,        :
                                    :
                    Defendants.     :
------------------------------------------------------------x

Plaintiff, Deborah Feingold (D/B/A Deborah Feingold Photography), (hereinafter "Plaintiff"), by and through her attorney of record, hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement, contributory copyright infringement, and vicarious copyright infringement pursuant to 17 U.S.C. section 101, et seq.

2. Defendants have infringed Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, as amended, 17 U.S.C. § 106, by, without authorization, reproducing, adapting, distributing and displaying copyrighted photographic works which Plaintiff owns.

3. Plaintiff brings this action to enforce Plaintiff's exclusive copyrights to Plaintiff's fine art photographs of Madonna, Bill Gates, Keanu Reeves, and Johnny Depp (the "Photographs").

4. This case arises out of Defendants' unlawful exploitation of Plaintiff's Photographs through Defendants' reproduction, public display, and sale of the Photographs on the website: www.rageon.com.

5. None of the Defendants were authorized by Plaintiff to appropriate, reproduce, publicly display or distribute the Photographs, let alone to adapt the Photographs in order to create apparel, home décor or any other derivative work based on the Photographs. Accordingly, Defendants' conduct was in willful disregard of Plaintiff's rights under the Copyright Act.

6. Defendants' conduct has damaged Plaintiff's ability to sell the Photographs as fine art while, at the same time, enabling Defendants to profit from the unauthorized reproduction, adaptation, public display, sale and distribution of the Photographs.

**PARTIES**

7. Deborah Feingold is an internationally renowned photographer whose career spans four decades and whose work has featured prominent political figures, such as Barack Obama, celebrities, media personalities and famous entertainers, musicians and musical acts.

8. Ms. Feingold is the owner of pictorial works she has captured through her camera, particularly in the arenas of entertainment and politics.

9. Ms. Feingold's business is known as Deborah Feingold Photography.

10. Ms. Feingold resides in New York, New York, with her principal place of business also in New York, New York.

11. RageOn, Inc. ("RageOn") is an online retailer of various merchandise from clothing to home décor which represents itself as "the World's Largest All-Over Print Online Retailer."

12. RageOn is a Delaware corporation, with a corporate headquarters located at 1163 E. 40th Street, Suite 211, Cleveland, Ohio 44114.

13. The identity of John Does 1-7 are unknown due to the pseudonyms used on the RageOn website and, despite Plaintiff's formal written request to RageOn for such information on January 8, 2018, the identity of John Does 1-7 remains unknown to Plaintiff.

14. John Doe 1 is a vendor with the user name "Lexiecupp_" on the RageOn website.

15. John Doe 2 is a vendor with the user name "bianr1984" on the RageOn website.

16. John Doe 3 is a vendor with the user name "javi9802" on the RageOn website.

17. John Doe 4 is a vendor with the user name "senpaiPanda" on the RageOn website.

18. John Doe 5 is a vendor with the user name "carbonvapor" on the RageOn website.

19. John Doe 6 is a vendor with the user name "shawnnabingaman" on the RageOn website.

20. John Doe 7 is a vendor with the user name "SadSenshi" on the RageOn website.

## JURISDICTION

21. This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. §§ 106, 113 & 501 through 505 and 28 U.S.C. §§ 1331 and 1338(a).

22. This Court has original subject matter jurisdiction pursuant to the Copyright Act 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 (federal question jurisdiction), and §1338(a) and (b) (jurisdiction over copyright actions), and §1332 as an action between citizens of different states with an amount in dispute exceeding $75,000.000.

23.     This Court has general personal jurisdiction over Defendants as they conduct systematic and continuous business within New York State.

24.     This Court has specific personal jurisdiction over Defendants because the infringing copies were sold to New York State in connection with the matters giving rise to this suit, and Defendants have purposefully availed themselves of the laws of New York State by offering infringing copies of the Photographs for sale in, and shipping the same to, this judicial district.

25.     Further, Ms. Feingold took some of the relevant iconic Photographs, subsequently infringed by Defendants, in her New York studio within this judicial district.

## VENUE

26.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed Plaintiff in this judicial district.

## FACTS

27.     Plaintiff is an accomplished photographic artist whose works have appeared in multiple publications including the book entitled *Music*.

28.     Plaintiff owns the copyright in the photograph of the singer/musician known as Madonna with a red lollipop in hand, under Registration Number VAu 1-091-877, with December 18, 2008 being the effective date of registration (the "Madonna Photograph"). The Madonna Photograph is featured in Plaintiff's publication entitled *Music* and is one of Plaintiff's most prominent photos. The Madonna Photograph and the relevant redacted copyright registration are attached hereto as Exhibit A.

29. On or around November 1985, in Bellevue, Washington, Plaintiff created a series of original close-up portraits of the business magnate, investor, philanthropist, and co-founder of the Microsoft Corporation, Bill Gates (the "Gates Photographs"). Two of the Gates Photographs are attached hereto as Exhibit B and Exhibit C.

30. On or around November 1987, in New York, New York, Plaintiff created a striking photograph of the actor, Johnny Depp (the "Depp Photograph"). The Depp Photograph is attached hereto as Exhibit D.

31. On or around October 1988, in Montauk, New York, Plaintiff created a portrait of the actor, Keanu Reeves (the "Reeves Photograph"). The Reeves Photograph is attached hereto as Exhibit E.

### Defendants' Unauthorized Sales Of The Photographs

32. Defendant RageOn is an online retailer through the operation of its website at http://rageon.com and has headquarters based in Cleveland and offices in San Francisco.

34. RageOn enables its users to create and sell products ranging from apparel to home décor. RageOn, somewhat ironically, represents itself as "the first user generated custom marketplace that is the #1 Safe Harbor for intellectual property."

35. RageOn solicits and accommodates individuals to act as vendors and sell their designs to the public, of which RageOn takes a percentage of any such sales.

36. Defendants John Does 1-7, are various RageOn vendors with the following pseudonyms: "Lexiecupp_," "javi9802," "bianr1984," "senpaiPanda," "carbonvapor," "shawnnabingaman," and "SadSenshi."

37. Plaintiff discovered that Defendants used the RageOn website to publicly display, sell, and distribute apparel and home décor items including graphic t-shirts, tops, tanks, jumpsuits,

5

dresses, shorts, scarves, leggings, tank tops, crop tops, sweatpants, sweatshirts, jackets, track jackets, leggings, kids leggings, underwear, yoga pants, socks, hoodies, scarves, body suits, onesies, blankets, pillows, duvet covers, comforters, sneakers, bikinis, swimshorts, pajamas, bandanas, aprons, flip flops, beach towels, coffee mugs, yoga mats, canvases, shower curtains and smartphone cases featuring the Photographs.

38.   RageOn facilitated the unauthorized reproduction and sale of the Photographs through the RageOn website:

    (a)   by allowing vendors to create their own stores on the RageOn website;

    (b)   by taking orders on behalf of vendors and subsequently printing and shipping all orders for vendors;

    (c)   by advertising vendors' products on other websites; and

    (d)   by taking a percentage of the sales receipts on all orders.

39.   Defendants, RageOn and John Doe 1, "Lexiecupp_," offered for sale and sold the Madonna Photograph. A sample of Defendants' infringing use appears below:



40. Defendants, RageOn and John Doe 2, "bianr1984," offered for sale and sold the Madonna Photograph. A sample of Defendants' infringing use appears below:



41. Defendants, RageOn, and John Doe 3, "javi9802," offered for sale and sold the Madonna Photograph. A sample of Defendants' infringing use appears below:



7

42. Defendants, RageOn, and John Doe 4, "senpaiPanda," offered for sale and sold the Gates Photograph attached as Exhibit B. A sample of Defendants' infringing use appears below:



43. Defendants, RageOn, and John Doe 5, "carbonvapor," offered for sale and sold the Gates Photograph attached as Exhibit C. A sample of Defendants' infringing use appears below:



44.     Defendants, RageOn, and John Doe 6, "shawnnabingaman," offered for sale and sold the Depp Photograph. A sample of Defendants' infringing use appears below:



45.     Defendants, RageOn, and John Doe 7, "SadSenshi," offered for sale and sold the Reeves Photograph. A sample of Defendants' infringing use appears below:



**Defendants' Knowing and Willful Infringement Of The Photographs**

46. Through her counsel, on January 8, 2018, Plaintiff sent RageOn four separate "take down" demands under § 512 of The Digital Millennium Copyright Act of 1998 ("DMCA") for each of Plaintiff's Photographs. A copy of the Madonna DMCA "take down" letter dated January 8, 2018 is attached hereto as Exhibit F. (The other three DMCA "take down" letters with respect to the Gates Photographs, the Depp Photograph, and the Reeves Photograph are substantially the same).

47. Three days later, on January 11, 2018, RageOn's Registered DMCA Agent provided four separate email confirmations to Plaintiff's counsel stating that the infringing content would be taken offline in "approximately 24 hours." These emails are attached hereto as Exhibit G.

48. Despite RageOn's guarantee to remove the infringing content – which it did not – Defendants continued to publicly display, promote, advertise and sell the Photographs.

49. More than two weeks after promising to take down the infringing content, on January 26, 2018, RageOn's Registered DMCA Agent again communicated to Plaintiff's counsel via two separate emails, stating that the infringing content for the Madonna Photograph and the Reeves Photograph had been taken offline. The emails are attached hereto as Exhibit H.

50. RageOn's statement was patently false.

51. On January 30, 2018, only the infringing copies of the Reeves Photograph and the Madonna Photograph being sold by "Lexiecupp_" had been removed. In other words, the Madonna Photograph being sold by "bianr1984" and "javi9802," the two Gates Photographs, and the Depp Photograph all continued to be publicly displayed, promoted, advertised and sold on the RageOn website.

52. Accordingly, despite notification, express instructions and RageOn's express acknowledgement of its infringing conduct, RageOn knowingly and willfully persisted in its infringing conduct and continued to reproduce, publicly display, sell, and distribute copies of the Photographs.

53. Subsequently, on January 31, 2018, Plaintiff served Defendants with a cease and desist demand, outlining the relevant facts set forth in this Complaint and demanding, inter alia, RageOn inform Plaintiff of all sales made of the Photographs. A copy of the cease and desist demand letter dated January 31, 2018 (without enclosures) is attached hereto as Exhibit I.

54. Finally, on February 1, 2018, the infringing content of the Madonna Photograph and the Reeves Photograph was taken down. The Depp Photograph and the Gates Photographs were also taken down at or about this time.

55. Moreover, on February 8, 2018, RageOn informed Plaintiff's counsel in an email that no sales of the Photographs had been made. The February 8, 2018 email is attached hereto as Exhibit J.

56. Upon information and belief, sales of one or more of the Photographs were made via the RageOn website.

57. RageOn's refusal to comply with Plaintiff's demands, including a demand to provide the vendors' information, impeded Plaintiff's ability to discover the extent of the infringement of the Photographs.

58. Upon information and belief, RageOn has at all relevant times controlled the http://rageon.com address.

59. RageOn failed to expeditiously remove the infringing content owned by Plaintiff.

60. RageOn also directly financially benefited from sales of the infringing content.

61. Upon information and belief, RageOn by various means, expressly or tacitly, tolerated and permitted all the Defendants to produce, distribute, and exploit copies and derivative works of the Photographs.

62. Upon information and belief, each and all of the Defendants directly infringed the Photographs, and they knew, or should have known, of the infringing acts of each of the other Defendants, and they materially contributed to the infringements.

63. RageOn is liable for contributory infringement because they knowingly caused and profited from and/or materially contributed to the infringing acts of its online vendors, John Does 1-7 with whom it had a direct connection, and/or distribution servicing agreements.

64. RageOn is vicariously liable for copyright infringement as it: (a) had the right and the ability to directly control the infringing activity of John Does 1-7 and chose not to do so; and (b) received a direct financial benefit from the infringing activities.

65. Upon information and belief, RageOn failed to curtail, stop, or enjoin Defendants and others from infringing upon Plaintiff's rights and interests in the Photographs and, instead, hindered Plaintiff's ability to protect her rights.

66. At no time did Plaintiff agree to sell, license or otherwise authorize Defendants to reproduce or sell copies of the Photograph in any form.

### FIRST CLAIM FOR RELIEF
**(Copyright Infringement, 17 U.S.C. §§ 101 et seq. – Against All Defendants)**

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. Defendants have violated the exclusive copyright rights of Plaintiff by permitting unauthorized copies of the Photographs to be made.

69. Defendants have violated the exclusive copyright rights of Plaintiff by selling and offering the Photographs for sale.

70. Defendants have violated the exclusive copyright rights of Plaintiff by distributing copies of the Photographs to the public.

71. Defendants have violated the exclusive copyright rights of Plaintiff by failing to properly credit Plaintiff in its use of the Photograph.

72. Plaintiff owns the copyright registration of the Madonna Photograph under Registration Number VAu 1-091-877, with December 18, 2008 being the effective date of registration.

73. Plaintiff has complied in all respects with the United States Copyright Act and all other laws respecting copyright by applying for the copyright registration of the Madonna Photograph and making the required deposit for the image contained in the pictorial work.

74. Plaintiff owns copyright interests in the Photographs which are Plaintiff's original copyrighted works under the laws of the United States.

75. Defendants had actual or constructive notice of Plaintiff's copyright ownership of the Photographs.

76. Notwithstanding Defendants' notice and knowledge of Plaintiff's rights, and without Plaintiff's permission or authority, Defendants continued to copy, use, distribute and offer for sale the Photographs.

77. Defendants' acts of infringement were willful.

78. Defendants have unlawfully and wrongfully derived income and profits from their infringing acts.

79. Plaintiff has suffered damage as a result of Defendants' willful infringement of her copyrights.

## SECOND CLAIM FOR RELIEF
### (Contributory Infringement - Against RageOn)

80. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as if fully set forth herein.

81. RageOn violated the exclusive copyright rights of Plaintiff by encouraging, inducing, and materially contributing to, the infringement of Plaintiff's copyrightable work, in that:

(a) RageOn publically displayed, distributed, and sold the Photographs through the RageOn website;

(b) RageOn facilitated the copying, reproduction, public display, sale and distribution of the Photographs by providing John Does 1-7 with the forum to do so;

(c) RageOn encouraged and prolonged the copying, reproduction, public display, sale and distribution of the Photograph by protecting the identity and relevant vendor information of John Does 1-7 contrary to Plaintiff's request.

82. RageOn's actions were performed with actual and constructive knowledge of Plaintiff's rights and interests at least as of January 8, 2018.

83. Notwithstanding RageOn's notice and knowledge of Plaintiff's rights, and without Plaintiff's permission or authority, RageOn continued to copy, use, distribute and offer for sale the Photographs.

84. RageOn has unlawfully and wrongfully derived income and profits from its infringing acts.

85. Plaintiff has suffered damage as a result of RageOn's willful and contributory infringement of her copyrights in the Photographs.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement - Against RageOn)

86. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 85 as if fully set forth herein.

87. RageOn violated the exclusive copyright rights of Plaintiff because RageOn had the right, authority, and the ability to control or supervise Defendants' actions, failures, and omissions which violated Plaintiff's copyrights in the Photographs.

88. RageOn had knowledge of Plaintiff's rights and interests in the Photographs during the copying, reproduction, public display, sale and distribution of the Photographs on the RageOn website.

89. RageOn obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement.

90. Plaintiff has suffered damage as a result of RageOn's vicarious infringement of her copyrights in the Photographs.

### JURY TRIAL DEMANDED

Plaintiff hereby requests a trial by jury on each claim for relief alleged in the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for:

a. A permanent injunction enjoining Defendants and their agents, servants, and employees from infringing in any manner Plaintiff's copyrights and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

b. An accounting for payment to Plaintiff of all the following sums:

        All gains, profits and advantages derived by Defendants as a result of its infringement of Plaintiff's copyright.

c.     The delivery by Defendants, their agents, employees and all others for whom Defendants are responsible, or anyone acting on their behalf, of all articles alleged to infringe the copyrights of Plaintiff;

d.     Delivery by Defendants, their agents, employees and all others for whom Defendants are responsible or anyone on their behalf, all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

e.     Delivery by Defendants, their agents, employees and all others for whom Defendants are responsible or anyone on their behalf, all records documenting the manufacture, sale, or receipt of things incolved in any such violation, provided that any records seized shall be taken into the custody of the Court;

f.     An award of:

      i.     the actual damages suffered by Plaintiff as a result of Defendants' infringement, and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages; or

      ii.     in the alternative, at the election of Plaintiff at any time before final judgment is rendered, statutory damages pursuant to 17 U.S.C. § 504(c), within the higher range allowed when infringement has been committed willfully.

g.     Damages for contributory copyright infringement to the extent not duplicative of other copyright damages;

h.     Damages for vicarious copyright infringement to the extent not duplicative of other copyright damages;

i.  Reasonable attorney's fees, interest and costs of suit; and

j.  Such other and further relief as the Court deems equitable and just.

Dated: March 7, 2018
      New York, New York

                                GARSON, SEGAL, STEINMETZ, FLADGATE LLP

                    By: /s/ Chris Fladgate
                              Chris Fladgate (CF1999)
                              164 West 25th Street, Suite 11R
                              New York, NY10001
                              Tel: (212) 380-3623
                              Fax: (212) 537-4540
                              Email: cf@gs2law.com