UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------
DEBORAH FEINGOLD D/B/A
DEBORAH FEINGOLD PHOTOGRAPHY

                                    Plaintiff,
         v.

**RageOn, Inc.**

                                   Defendant.

------------------------------------------------------------------------------------

**DEFENDANT RAGEON, INC.'S MEMORANDUM
IN OPPOSITION OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (E.C.F. NO. 124)**

**INTELLECTULAW**
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

25 Little Harbor Road
Mount Sinai, NY 11766
Tel: 631-476-8734
Fax: 631-476-8737

Email: pbtufariello@intellectulaw.com
Attorneys for Defendant
RageOn, Inc.

## INTRODUCTORY STATEMENT

In opposition to Plaintiff Deborah Feingold d/b/a Deborah Feingold Photography ("Plaintiff")'s "Motion for Summary Judgment (E.C.F. No. 124), Defendant RageOn, Inc. ("RageOn") by and through its undersigned counsel hereby respectfully submits (i) the present Memorandum, (ii) RageOn's Rule 56.1 Counter-Statement of Material Facts ("CSMF"), and (iii) the Declaration of Panagiota Betty Tufariello, Esq. together with exhibits referenced therein, and states that for all the reasons set forth therein, Plaintiff's Motion be denied in its totality.

## STATEMENT OF MATERIAL FACTS

By way of background, RageOn repeats, resubmits and incorporates by reference the facts contained in E.C.F. NOs. 59 and No. 105, as though more fully set forth herein.

## ARGUMENT

I.  Plaintiff has failed to meet her burden of showing that she is the owner of a Valid Copyright to either the Madonna or the Reeve Photos, respectively.

Registration No. Vau 1-091-877 is not the Madonna Registration. Registration No. Vau 1-091-877 is and will continue to be the Bright Moments Registration, which may or may not encompass the underlying, unpublished photographs that make up Bright Moments.

The Bright Moments Registration cannot become the Madonna Registration, no matter how much Plaintiff might pound the table. The Bright Moments Registration cannot become the Madonna Registration because the Madonna Phtotograph was published at least as early as 1982 (E.C.F. No. 68, ¶ 32) and as late as 2006 (E.C.F. No. 68, ¶ 33). When it was published in 2006, it was accompanied by the Plaintiff's interview, which is a matter of public record. (E.C.F. No. 68, ¶ 34) and remains undisputed. As a published photograph the Madonna Photograph could not possibly be covered by a registration

directed to strictly unpublished photographs.

Most certainly, Plaintiff intentionally withheld from the Copyright Office that the Madonna Photograph had been previously published, because her application/certificate of registration for unpublished photographs fails to comply with 37 CFR.§ 202.4. For example, it fails to identify the total number of photographs that are included in the group of photographs. 37 CFR.§ 202.4(h)(2). It fails to include a sequentially numbered list containing a title and file name for each photograph in the group (matching the corresponding file name for each photograph). More importantly, it intentionally and willfully is directed to registering the copyright to a compilation of photographs artfully organized into a book called Bright Waters, as Plaintiff herself admits (E.C.F. No. 127, ¶ 40). Incidentally, copyrights to compilations do not protect the underlying works. *17 U.S.C. § 103*

Most telling of all, neither of Plaintiff's two declarations, the first submitted in opposition to RageOn's Motion for Partial Summary Judgement (E.C.F. No. 99), the second submitted in support of Plaintiff's Motion for Summary judgement (E.C.F. Doc. No. 127), addresses the actual publication of the Madonna Photograph that RageOn has brought to the attention of this court or provides a plausible explanation regarding the discrepancies that RageOn has shone a light on. In the *Palmer/Kane LLC* case, the Plaintiff had provided a plausible explanation. In the present matter, Plaintiff has sidestepped all of RageOn's factual assertions in connection with the copyright alleged. Plaintiff has failed to provide any explanation as to why she filed her application the way she did as opposed to filing it in accordance with 37 C.F.R. § 202.4(h), as is required for unpublished photographs. While Plaintiff does state in ECF. No. 99, that she does not recall providing the Madonna Photograph to Madonna Tribe in 2006, her failure to recall is irrelevant, especially in the face that to this day she has failed to provide copies of the application and materials as she filed it initially. Many of her statements support a finding that the

photograph was published at least as early as 1982 and as late as 2006, including the fact that she did the Madonna Shoot for Star Hits Magazine (Ecf Doc. No. 68, ¶ 36) and nothing she has presented to date controverts these facts in any way.

Likewise, Plaintiff has failed to overcome RageOn's challenge that both the screenshot of the Copyright Public Records Catalog and their comparison to *Rolling Stone* magazine as inadmissible under the Best Evidence Rule FRE 1002; *U.S. v. Finkielstain*, 718 F. Supp. 1187, 1192 (S.D.N.Y. 1989)("As to the best evidence rule, that canon requires the production of a document to prove its content when a witness testifies on the issue of what that document contains").  Certainly, Plaintiff has tried to overcome such challenge by securing certain certified copies of Copyright Records of the Reeves Photo.  However, such documents does not constitute true and accurate copies of the deposit materials for Registration VA 0001233837.  In fact, they do not comprise even a facsimile of the deposit materials for Registration VA 0001233837 because as they state

> This is to certify that the collections of the Library of Congress contain a positive microfilm reel entitled **Rolling Stone, issues 543-555 [January 12 through June 29, 1989] Including Special College Issue; Marketing through music, call number MicroRR (0) 82/105**, and that the attached photocopies - Issue 547, March 9, 1989 (Cover page, Table of Contents page and page 31, on which contain the article entitled "Peaking in the Valley" Lynn Snowden]- <u>are a true and accurate representation from that work.</u> (Underline Emphasis added).

The copyright Catalog Keyword Search for Rolling Stone Issues 543-555 produced copyright records (Tufariello, Decl. Ex. 1) that state that the documents that Plaintiff has produced are in

connection with a serial work, titled Rolling Stone/ Editor, Jann S. Wenner. . . [et. Al.], published in 1989, whose Copyright Claimant is Straight Arrow Publishers, Inc. d.b.a. Rolling Stone, and Straight Arrow Publishers, Inc., d.b.a. Rolling Stone , **employer for hire**.

None of the certified copies of documents at the Copyright Office clearly support a finding that the Reeves Photo is in fact the subject of Registration VA 0001233837.


II.    Plaintiff has failed to meet her burden that RageOn is not protected under the DMCA Safe Harbor.

RageOn did in fact have a properly designated agent registered with the Copyright Office. *Tufariello Declaration, Ex. 2*. Further the standard for take down notices is not 24 hours, as the Plaintiff would have this Court believe is inaccurate. All cases dealing with this issue deal with it from a perspective of reasonableness which is an issue of fact, as is the question of willfull infringement based on bad faith. An assertion of no sales when dealing with sales of barely 200 dollars is not one of bad faith.

## CONCLUSION

For the foregoing reasons, RageON respectfully requests an Order Denying in its entirety, Plaintiff's Motion for Summary Judgment.

Dated: Mt. Sinai, New York  INTELLECTULAW
      December 4, 2019  THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

                                                *S/panagiotabettytufariello/s*
                                 By:  Panagiota Betty Tufariello, Esq.
                                           Attorney for Defendant
                                           RageOn, Inc.
                                           25 Little Harbor Rd.
                                           Mt. Sinai, NY 11766

                                           Tel: (631) 476-8734
                                           Fax: (631) 476-8737
                                           Pbtufariello@intellectulaw.com

## CERTIFICATE OF SERVICE

      I, Panagiota Betty Tufariello, hereby certify that on December 4, 2019, a true and correct copy of the foregoing **DEFENDANT RAGEON, INC.'S MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (E.C.F. NO. 124)** was filed and served via the court's ECF system on all parties registered to receive notice and on the parties listed below in the manner indicated.

Via E-Mail:

    Chris J. Fladgate (CF1999)
    Garson, Segal, Steinmetz, Fladgate LLP
    164 West 25th Street, Suite 11R
    New York, NY 10001
    Telephone: (212) 380-3623
    Facsimile: (347) 537-4540
    Email: Cf@gs2law.com


                By:    *S/panagiotabettytufariello/s*
                          Panagiota Betty Tufariello, Esq.