UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH FEINGOLD D/B/A
DEBORAH FEINGOLD PHOTOGRAPHY

                Plaintiff,           Case No.: 1:18-cv-2055
                                           (KMW)(GWG)

v.

RageOn, Inc.

                Defendant.

---

**DECLARATION OF PANAGIOTA BETTY TUFARIELLO, ESQ,
IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL AND FOR A 30-
DAY SUSPENSION OF PROCEEDINGS, PENDING DEFENDANT'S
RETAINING OF NEW COUNSEL**

I, **Panagiota Betty Tufariello, Esq**., hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. I am an attorney and member of the law firm Intellectulaw, The Law Offices of P.B.Tufariello, P.C., ("Intellectulaw"), with offices in Mt. Sinai, Suffolk County, New York.

2. I am a member in good standing of the bar of the state of New York, the Bars of United States Court of Appeals for the Second Circuit and the Federal Circuit, as well as the United States District Courts for the Eastern and Southern Districts of New York. I am also a member in good standing of the bar of the United States Patent and Trademark Office.

3. I represent the Defendant RageOn, Inc. ("Defendant") in the above captioned action. As such I am fully familiar with the facts and circumstances of the proceedings had herein.

4. I respectfully submit the present Declaration in Support of my and Intellectulaw's Motion to be relieved as counsel for Defendant and for a thirty (30) day suspension of proceedings pending Defendant's retaining of replacement counsel.

5. Intellectulaw's basis for its Motion seeking to be relieved as counsel is: a) Defendant's failure to remit payment for services rendered; b) irreconcilable differences regarding litigation strategy in the present matter; and c) certain conflicts of interest that have been pending in the present matter, as well as in one other matter, in which I also represent Defendant in, *i.e. Robert G. Lopez v. Puma North American, Inc., RageOn et. Al. (Civil Action No. 19-cv-7631)*.

6. The plaintiff in *Robert G. Lopez v. Puma North American, Inc., RageOn et. Al.* (Civil Action No. 19-cv-7631)(the "*Lopez Action*") filed a Third Amended Complaint (D.E. #43), in which he named Intellectulaw and me personally as Defendant's co-defendants, as a result of my representation of Defendant in that matter.

7. In the past, I also represented Defendant in the matter, *Ward v. RageOn, Inc. et al v. RageOn, Inc. et. al. (Civil Action No. 1:19-cv-01935-JPO* )(the "*Ward Action*"). On February 13, 2020, the Court so Ordered my withdrawal upon motion from that matter as well (D.E. # 54).

8. Plaintiff's counsel, Mr. Fladgate, has been aware of my intent to withdraw since

before the COVID19 crisis. Defendant has repeatedly represented to Mr. Fladgate, that I and Intellectulaw jointly and severally no longer represent them.

9. I apologize to the Court and to Mr. Fladgate for not filing my Motion to Withdraw sooner. I meant no disrespect. I have been facing many challenges both personally and professionally.

10. The COVID19 crisis forced my firm to shut down altogether. We had to furlough staff and were unable to conduct any business in their absence.

11. On May 18, 2020, in the midst of the COVID19 crisis, my spouse of 35 years, Angelo Tufariello suffered a stroke. I am devastated. I am his primary and only caregiver.

12. It was not until July 6, 2020, that our offices resumed conducting buinsess.

13. In the past, Intellectulaw advised Defendant on numerous occasions of its desire to terminate its representation and withdraw as their counsel. Defendant agreed to consent to Intellectulaw's withdrawal as counsel but only if Intellectulaw would find substitute counsel who was willing to represent RageOn on a Pro-Bono basis. Intellectulaw has been unable to find such counsel.

14. In the meanwhile, during the course of its representation of Defendant Intellectulaw has performed a substantial amount of work in connection with the pleading and discovery phases of this matter, the *Ward Action*, and the *Lopez Action* referenced herein above, and has prepared and defended against dispositive motions for Summary Judgement, as well as appeared for trial, in each of the matters respectively.

15. Defendant has failed to live up to its contractual obligations to counsel in both this action and in the two other matters through their failure to timely pay Intellectulaw's invoices.

16. Notwithstanding Defendant's retainer agreement to pay invoices on a timely basis and repeated requests by Intellectulaw for payment, Defendant has left substantial sums unpaid and outstanding for legal services rendered in the above captioned action as well as significant costs incurred on Defendant's behalf.

17. As Defendant continued to fail to pay its legal fees, Intellectulaw went to substantial efforts and lengths to negotiate with Defendant for payment of the outstanding amounts, including communications by telephone, in person and by mail.

18. Defendant failed to make any further significant payment against fees and costs outstanding.

19. As was set forth above, the plaintiff in *Robert G. Lopez v. Puma North American, Inc., RageOn et. Al. (Civil Action No. 19-cv-7631)* filed a Third Amended Complaint (D.E. #43), in which he named Intellectulaw and me personally as Defendant's co-defendants, as a result of my representation of Defendant in that matter. While the Plaintiff *Lopez* has attempted to dismiss his claims against Defendant (the attempt failed because of improperly executed documents), he continues as of the preparation of this motion to maintain his claims against me and Intellectulaw. As a result, continued representation of Defendant by Intellectulaw creates a serious conflict of interest.

20. Further, despite Intellectulaw's efforts, counsel for Intellectulaw is unable to properly represent the interests of Defendant any further, because Intellectulaw and Defendant have divergent and irreconcilable views on the appropriate strategy to employ in this litigation.

21. As a result of Defendant's failure to pay for legal services and expenses incurred on their behalf, Intellectulaw is unable to pay, among others, its vendors for services provided to it. Accordingly, Defendant's actions have seriously impaired Intellectulaw's ability to represent them.

22. Multiple communications with Defendant have also made it clear that there has been a significant erosion of the attorney-client relationship.

23. For these reasons both independently and collectively, Intellectulaw respectfully requests to be relieved as counsel for Defendant RageOn, Inc. Intellectulaw further requests that all proceedings in this matter be suspended for thirty (30) days, from the date of the Court's decision on this Motion, to provide time to Defendant to secure new counsel. Intellectulaw hereby asserts a lien on Defendant RageOn's files. Intellectulaw will fully assist new counsel in transitioning the representation by providing critical documents on an expedited basis.

24. Defendant RageOn, Inc. has been provided with a copy of this Declaration and accompanying Motion.

Page 5   DECLARATION OF PANAGIOTA BETTY TUFARIELLO, ESQ, IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL Case No.: 1:18-cv-2055

**WHEREFORE**, I respectfully submit that good cause exists for the Court to grant the relief this Motion is seeking, and such is respectfully requested and prayed for.

Dated: Mt. Sinai, New York
July 23, 2020

                                     INTELLECTULAW
                                     THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

By: *Panagiota Betty Tufariello*
      Panagiota Betty Tufariello, Esq.
      25 Little Harbor Road
      Mount Sinai, NY 11766
      Tel: 631-476-8734
      Fax: 631-476-8737

      Email: pbtufariello@intellectulaw.com